UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sierra Wilson | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-8031 |
| | ) | |
| v. | ) | |
| | ) | |
| Experian Information Solutions, | ) | Judge John Robert Blakey |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to dismiss, [20]. For the reasons explained below, the Court grants the motion.

## I.    Factual Background[1]

On July 20, 2023, Plaintiff Sierra Wilson filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 23-09456).  [18] ¶ 49.  Plaintiff listed 27 of her debts in the petition's bankruptcy schedules.  *Id.* ¶ 11.  With her bankruptcy case still ongoing, Plaintiff opened an account with Credit One Bank and accrued $646 in debt in May 2024.  *Id.* ¶¶ 63, 65.  Since Plaintiff incurred this debt after filing her petition, it was not reflected in the bankruptcy schedules associated with her Chapter 13

---

[1] This Court takes these facts from Plaintiff's Amended Complaint, [18], and accepts them as true for purposes of resolving the motion to dismiss.  *See Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

petition. *Id.* ¶ 11. Plaintiff's petition in the bankruptcy court then converted to a proceeding under Chapter 7 of the Bankruptcy Code on November 1, 2024. *Id.* ¶ 51. Experian Information Solutions ("Experian"), a credit reporting agency ("CRA"), subsequently updated Plaintiff's credit report to reflect her bankruptcy proceeding and its conversion. *Id.* ¶¶ 50, 52. On February 20, 2025, the bankruptcy court entered a standard discharge order on its docket, and Plaintiff consequently received this order. *Id.* ¶ 53. Following the entry of this order, Defendant prepared Plaintiff's consumer report on June 26, 2025, and updated the status of most of her unsecured debts to "discharged," except for the debt associated with Credit One Bank. *Id.* ¶¶ 65, 67. The bankruptcy court then sent the order to Credit One, who provided information to Defendant indicating her account with Credit One now had a zero-dollar balance. *Id.* ¶ 71. Despite Credit One providing this information and Defendant receiving the discharge order, Defendant maintained the status of Plaintiff's Credit One Account as "Charge-Off," which indicates a consumer still owes a debt. *Id.* ¶ 71.

Plaintiff brings this suit alleging that Defendant, Experian, violated Section 1681e(b) of the Fair Credit Reporting Act ("FCRA") by failing to report the Credit One account as discharged. *Id.* ¶ 98. Plaintiff contends that Defendant's failure to record this account as discharged constitutes a factual inaccuracy that violates CRA's obligation to use reasonable procedures to ensure maximum accuracy. *Id.* ¶ 92. Defendant moves to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* [20].

## II.     Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully.  *Id.*  In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-plead allegations as true and draws all reasonable inferences in the plaintiff's favor.  *Id.*  This Court does not, however, accept a complaint's legal conclusions as true.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III.    Analysis

Plaintiff argues Defendant reported a factual inaccuracy resulting from Defendant's failure to follow reasonable procedures.  The Court disagrees.

Congress enacted the FCRA with the express purpose of producing reliable credit information.  15 U.S.C.S. § 1681.  In particular, Congress sought to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Chaitoff v. Experian Info. Sols.*, 79 F.4th 800, 809 (7th Cir. 2023).  To promote CRA compliance with these provisions, Section 1681e(b) requires CRAs

to "follow reasonable procedures to assure maximum possible accuracy" when amending a consumer's credit information.

To state a claim under 15 U.S.C. § 1681e(b), a plaintiff must allege that: (1) there was inaccurate information in the consumer credit report; (2) a CRA's failure to follow reasonable procedures to assure maximum possible accuracy yielded the inaccuracy; (3) the plaintiff suffered actual damages; and (4) those damages resulted from the inclusion of inaccurate information in a report. *Benson v. Trans Union, LLC*, 387 F. Supp 2d. 834, 840 (N.D. Ill. 2005). Although the FCRA strives for accuracy, it is not a strict liability statute. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). If a CRA implements and utilizes a reasonable procedure for ensuring accuracy but nonetheless makes an inaccurate report, liability does not automatically follow without advance notice from the consumer. *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004).

Section 1681e(b) only applies to factual inaccuracies. *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020). These inaccuracies are "objectively verifiable." *Allen v. Equifax Info. Servs., LLC*, No. 24 C 12288, 2026 U.S. Dist. LEXIS 37504 at *4 (N.D. Ill. Feb. 24, 2026). Accordingly, Section 1681e(b) does not pertain to disputes concerning the validity of debts. *Denan*, 959 F.3d at 296. A CRA cannot conclude that a debt has been invalidated based upon the "objectively verifiable" facts accompanying a bankruptcy court's entrance of a general discharge order. *Sykes v. Experian Info. Sols., Inc.*, No. 22 C 7033, 2025 U.S. Dist. LEXIS 116355 (N.D. Ill.

June 18, 2025). As such, liability cannot attach to a CRA mistakenly reporting a legal inaccuracy under 1681e(b). *Allen*, 2026 U.S. Dist. LEXIS 37504 at *6.

Legal inaccuracies "include debts which are invalid by operation of law." *Sykes*, 2025 U.S. Dist. LEXIS 116355 at *12. Consequently, CRAs are not required to "adjudicate" legal questions by determining if a debt is invalidated pursuant to a general discharge order. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562* 564, 568 (7th Cir. 2021). Yet, this is precisely what Plaintiff asks this Court to enforce.

Plaintiff has alleged a legal inaccuracy, not a factual one. Plaintiff does not contest the "paradigmatic examples" of factual inaccuracies, such as the amount of the debt or to whom it is owed. *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5. Rather, Plaintiff alleges that the at-issue debt should be "discharged" on her report. But a CRA like Experian is not equipped to determine the exact legal status of every debt listed as discharged. *Denan*, 959 F.3d at 295. Only a court, "not a reporting agency— can determine a legal inaccuracy." *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *5. *See also Denan*, 959 F.3d at *12* (holding that debt defenses raised by a consumer are resolved by a court rather than a CRA). Evaluating the validity of a debt necessarily includes assessing whether it is discharged. *Allen*, 2026 U.S. Dist. LEXIS 37504 at *11. Experian cannot make a finding as to whether the Credit One account is discharged. This would exceed its scope as a reporting agency.

The FCRA does not require a CRA to decide whether any particular debts are still valid upon issuance of a standard discharge order. *Allen*, 2026 U.S. Dist. LEXIS 37504 at *7. Determining whether a standard discharge order discharged a specific

debt requires application of bankruptcy law. *Id.* at *7. As is present in this case, the bankruptcy court entered a general discharge order. The order did not instruct CRAs to discharge any specific debts attached to Plaintiff. More specifically, it did not direct the discharge of the debt accumulated in her Credit One account. This is because a standard discharge order does not "explicitly discharge" a debt. *Sykes*, 2025 U.S. Dist. LEXIS 116355, at *9. Without an order outwardly mandating a CRA to discharge a debt, a CRA is not obligated to change the status of a debt. *Allen*, 2026 U.S. Dist. LEXIS 37504 at *7. After receipt of a general discharge order, a CRA need not "wade through bankruptcy dockets" to legally analyze the status of a potentially discharged debt. *Id.* at *5.

Likewise, the FCRA does not demand infallibility. When Experian received a general discharge order from the bankruptcy court, Defendant need not establish whether the at-issue account was discharged as a result. Plaintiff insists that Defendant should have discharged the Credit One account based upon the generalized information accessible in the discharge order. But doing so would require legal analysis, which pushes the boundaries of a CRA's function. Having failed to allege that Defendant committed a factual inaccuracy, like publishing the incorrect debt amount owed and to whom, her claim must fail for improperly alleging a claim per Section 1681e(b).

## IV.    Conclusion

Plaintiff's amended complaint asserts legal conclusions that will not be cured by more facts. *McCauley v. City of Chicago*, 671 F.3d 611, 618–19 (7th Cir. 2011). Accordingly, this Court grants Defendant's motion to dismiss with prejudice [20].

Date: July 23, 2026                    Entered:

John Robert Blakey
United States District Judge